UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

H<small>OMEWATCH</small> I<small>NTERNATIONAL</small> I<small>NC</small>.,

    Plaintiff,

v.

E<small>LEWEKE ET AL</small>.,

    Defendants.
_____/

Case No. 16-cv-10457

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small>
J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [#16]

### I. INTRODUCTION

Plaintiff, Homewatch International Inc. ("Homewatch") brings this action for default judgment against Defendants Okey Eleweke, Cynthia Eleweke, and Agbanyim Services, Inc. Plaintiff and Defendants entered into a settlement agreement in June 2016 wherein Defendants agreed to pay Plaintiff a total of $15,000 to be paid in installments over a 24-month period. Defendants have not made a payment to Plaintiff since October of 2017.

Presently before this Court is Plaintiff's Motion for Default Judgment. Plaintiff requests this Court enter a judgment of default against Defendants for the principal amount of $5,000, $579.00 in attorneys' fees, and post-judgment interest. For the reasons discussed herein, the Court will grant Plaintiff's Motion.

-1-

## II. FACTUAL BACKGROUND

Plaintiff Homewatch provides in-home care services to senior citizens. Dkt. No. 1, pg. 2 (Pg. ID 2). In 1994, Plaintiff began franchising its operations. *Id.* Defendants Mr. and Mrs. Eleweke entered into a franchise agreement with Plaintiff on October 10, 2012. *Id.* On December 19, 2012, the Elewekes assigned the franchise agreement to Defendant Agbanyim Services, Inc. *Id.* at pg. 3 (Pg. ID 3). Effective April 30, 2014, the parties entered into a release and termination agreement that discontinued the franchise agreement between the parties. *Id.* The termination agreement included a non-competition covenant which stated that Defendants were not able to participate with a competitive business within fifty miles of Plaintiff's business for two years after the termination. *Id.* Shortly after the parties executed the termination agreement, Defendants established an in-home care services company within fifty miles of Plaintiff's business. *Id.* at 4.

On February 8, 2016, Plaintiff filed a complaint against Defendants for violation of the non-competition agreement. Dkt. No. 1. The parties entered into a confidential settlement agreement in late June 2016 before the Defendants answered the complaint. Dkt. No. 16-1, pg. 7 (Pg. ID 45). The settlement agreement stated that Defendants would pay Plaintiff $15,000: an initial payment of $3,000 in August of 2016, and then $1,000 due on the 15th of every other month for twenty-four months. *Id.* at pg. 2 (Pg. ID 40). The agreement also stated that Plaintiff would give

written notice to Defendants if they failed to make a payment. *Id.* Defendants would then have five business days to cure the default. *Id.* Plaintiff would be entitled to apply to the Court and obtain judgment against Defendants in the amount owed if Defendants still failed to pay. *Id.* at pg. 3 (Pg. ID 41). The agreement stated that Defendants would not object to entry of a default judgment if Plaintiff applied to the Court for a default. *Id.* In addition, the agreement provided for the award of attorneys' fees to the prevailing party in the event of default. *Id.* On October 21, 2016, this Court entered a stipulated order dismissing the case with prejudice. Dkt. No. 15.

On June 15, 2018, Plaintiff filed the instant Motion for Default Judgment, asserting that Defendants have not made a payment since October of 2017. *See* Dkt. No. 16, pg. 3 (Pg. ID 35). Plaintiff contends that Defendants owe it $5,000 in the principal amount, attorneys' fees in the amount of $579.00, and post-judgment interest. *Id.* at pg. 4 (Pg. ID 36). Counsel for Defendants states that Defendants do not have the money to make the agreed payments. Dkt. No. 16-4, pg. 12 (Pg. ID 60). Defendants did not file a response to Plaintiff's Motion. On August 21, 2018, Plaintiff requested the Clerk of Court enter a default against Defendants. Dkt. No. 18. The Clerk entered default against Defendants on August 30, 2018. Dkt. Nos. 19, 20, 21.

### III. LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure governs entry of judgment by default. Rule 55 states:

> **(a) Entering a Default**. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b) Entering a Default Judgment.**
>
> **(1) By the Clerk**. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for the amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> **(2) By the Court**. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
>   (A) conduct an accounting;
>   (B) determine the amount of damages;
>   (C) establish the truth of any allegation by evidence; or
>   (D) investigate any other matter.

FED. R. CIV. P. 55.

## IV. DISCUSSION

The Court concludes that Plaintiff has established that Defendants are in default of the settlement agreement. Paragraph 2 of the parties' settlement Agreement provides:

> **Payment:** Defendants hereby promises and agrees to pay Homewatch the sum of Fifteen Thousand dollars ($15,000) to be paid as follows. Defendants agree to make an initial payment of $3,000 on August 15, 2016, with additional payments of $1,000 due every second months thereafter for twenty-four months. All payments will be made on the 15th of the month that the payment is due.

Paragraph 3 of the parties' Settlement Agreement provides:

> **Remedies Upon Default:** In the event Defendants fail to make payment, as outlined in Paragraph 2 above, Defendants will be in Default of this Agreement (a "Default Event"). Homewatch will give Defendants written notice of the Default Event to Daniel Marsh, Esq., Columbia Center, 101 West Big Beaver Road, 14th Floor, Troy, MI 48084.[1] If Defendants fail to cure the Default Event within (5) business days of the date of such notice, Homewatch will be entitled to apply to the Court and obtain Judgment against Defendants in the amount of $15,000, minus any payments already made by Defendants to Homewatch. Defendants agree they will not object to the entry of the Default Judgment and this Agreement will serve as Defendants' consent to the entry of same.

Dkt. No. 16-1, pg. 2 (Pg. ID 40). Thus, Defendants agreed that if they failed to cure any default event within five (5) business days, Plaintiff is entitled to apply to the Court and obtain judgment against Defendants in the amount

---

[1] Mr. Marsh has since moved offices, and his current office address is 53700 Van Dyke Avenue, Suite 101, Shelby Township, MI 48316.

of $15,000 minus any payments made, that Defendants will not object to the entry of a default judgment, and that the settlement agreement would serve as Defendants' consent to entry of judgment.

Plaintiff sent Defendants a written statement on January 25, 2018 which informed Defendants that they failed to make their December 15, 2017 payment. Dkt. No. 16-4, pg. 10 (Pg. ID 10). Defendants failed to make the payment within five business days of receipt of the letter, citing financial hardship. *Id.* at pg. 5 (Pg. ID 53). Thus, Defendants are in default of the settlement agreement in the amount of $5,000.

Paragraph 12.2 of the Settlement Agreement provides that "[i]n the event that any legal proceeding is initiated by either Party to enforce this Agreement, the prevailing Party will be entitled to recover all of its costs, interest, and expenses incurred therewith, including reasonable attorneys' fees." Dkt. No. 16-1, pg. 6 (Pg. ID 44). Plaintiff seeks $579.00 in attorneys' fees for services rendered in connection with the conferral with opposing counsel, conducting the necessary document and pleading review, conferral with client, and research and preparation of Plaintiff's claims in its Motion for Default Judgment. Dkt. No. 16-5.

"The parties to a contract may include a provision that the breaching party will be required to pay the other side's attorney fees and such

-6-

provisions are judicially enforceable." *Zeeland Farm Servs., Inc. v. JBL Enters, Inc.*, 555 N.W.2d 733, 736 (Mich. Ct. App. 1996). However, recovery is limited to reasonable attorney fees. *Papo v. Aglo Rests. of San Jose, Inc.*, 386 N.W.2d 177, 183 (Mich. Ct. App. 1986).

Plaintiffs are generally entitled to recover attorneys' fees, costs, interest, and expenses for their pre-and post-settlement agreement default collection efforts. *Crawley v. Schick*, 211 N.W.2d 217, 222 (Mich. Ct. App. 1973). Accordingly the Court must now determine whether the amounts Plaintiff seeks are reasonable. Plaintiff submitted an affidavit that records the work performed by its attorneys. Dkt. No. 16-5. Plaintiff also submitted invoices that provide each task performed by its attorneys, the time it took to complete each task, and the amount charged for each task. *Id.* The tasks outlined in the affidavit and corresponding invoices were performed as part of Plaintiff's prolonged efforts to collect the money Defendants owe to it.

Upon review of the affidavit and the invoices, the Court does not believe that Plaintiff's attorneys spent an unreasonable amount of time on any task. The rates charged by Plaintiff's attorneys are rates normally charged for this type of work and within the range of what is commonly charged in this location. Therefore, the $579.00 in attorneys' fees and the

post-judgment interest that Plaintiff seeks are reasonable fees incurred after a settlement default.

With the evidence that Plaintiff has presented, Plaintiff has provided the requisite proof of damages to establish entry of default judgment in the principal amount of $5,000, attorneys' fees in the amount of $579.00, and post-judgment interest. *See* Dkt. No. 16-1, 16-3, 16-4. Additionally, Plaintiff has filed proper service upon Defendant, who has failed to appear or otherwise defend. Dkt. No. 16, pg. 6 (Pg. ID 38).

### V. CONCLUSION

Accordingly, Plaintiff's Motion for Default Judgment [#16] is GRANTED. The Clerk shall enter a judgment in the amount of $5,579.00 plus post-judgment interest.

SO ORDERED.

Dated: September 4, 2018

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge